Argued and submitted January 24, reversed and remanded June 8, 1983

BOWERS MECHANICAL, INC.,
*Plaintiff,*
*v.*
KENT ASSOCIATES et al,
*Defendants,*

The DOUGLAS CO.,
*Appellant,*
*v.*
CRUME et al,
*Respondents.*

(80-209-E; CA A24139)

664 P2d 436

Thomas J. Murphy, Eugene, argued the cause for appellant. With him on the brief was Cass, Scott, Woods & Smith, Eugene.

Richard A. Stark, Medford, argued the cause for respondents. With him on the brief was Haviland and Stark, Medford.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Defendant Douglas Company (Douglas) appeals from a summary judgment for defendants Crume (Crume) on Crume's cross-claim to foreclose a construction lien against Douglas. The question is whether the trial court erred in refusing to consider an affidavit opposing Crume's motion which Douglas mailed to Crume's attorney prior to a hearing on the motion, but which was not received until after the hearing.

On January 9, 1981, Crume filed its motion for summary judgment. A hearing was set for Monday, March 23, and notice of the hearing was sent to the parties on February 5. Douglas' attorney, a Eugene lawyer, mailed a certified copy of a memorandum and affidavit in opposition to the motion to Crume's attorney, a Medford lawyer, on Friday, March 20, but Crume's attorney did not receive the mailed material until March 25. The affidavit raised a factual question as to the amount of the lien. Douglas' attorney presented the memorandum and affidavit to the trial court the day of the hearing, and presented copies to Crume's attorney 20 minutes before the hearing. The trial court ruled that the affidavit had not been served prior to the day of the hearing as required by ORCP 47C and, therefore, refused to consider it. Because there were no other grounds upon which to challenge the motion, it was granted.

Douglas contends that service on Crume was accomplished on March 20 with the mailing of the affidavit and that ORCP 47C was, therefore, satisfied. We agree. ORCP 47C provides, in relevant part:

> "The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing. The adverse party, prior to the day of hearing, may serve opposing affidavits. * * *"

ORCP 9A requires opposing affidavits to be served on the opposing party, and ORCP 9B provides, in relevant part:

> "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless otherwise ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to such attorney or party or by mailing it to such attorney's or party's last known address. * * * Service by mail is complete upon mailing. * * *"

ORCP 9C provides, in relevant part:

"All papers required to be served upon a party by section A. of this rule shall be filed with the court within a reasonable time after service. * * *"

The language of those rules is clear: so long as the party opposing summary judgment serves the attorney for the moving party with the affidavit in opposition to the motion prior to the day of the hearing, ORCP 47C is satisfied, and the attorney for the moving party is deemed to have been served when the affidavit is placed in the mail. It is apparent that the permissible timing is close and, as here, may not be sufficient to permit the moving party to file counter-affidavits, thereby necessitating a continuance of the hearing for that purpose. However, ORCP 9 and 47 are clear and unambiguous, and the trial court erred in holding that the opposing affidavit was not served timely.

Although the trial court did not reach the question whether the affidavit, filed on the the day of the hearing, was timely, we hold that it was. ORCP 9C requires only that the affidavit be filed within a reasonable time *after* service. Here, service was made on Friday, and the affidavit was filed on the following Monday. Filing was within a reasonable time.

Because Douglas' opposing affidavit was served and filed within the times required by the rules, the trial court erred in refusing to consider it. When considered, the opposing affidavit raised a material issue of fact. Therefore, the trial court erred in granting Crume's motion for summary judgment.

Reversed and remanded.